# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA

Plaintiff

vs

DR. FLOR DE MARIA CACHO-BONILLA,
EXECUTIVE DIRECTOR OF ASPRI;
DR. WALDEMAR PEREZ-QUINTANA,
ASSOCIATED DIRECTOR OF ASPRI

Defendants

CIVIL 97-2133CC

RECEIVED & FILED
3-30-01
OFFICE-CLERK U. S.
DISTRICT COURT

## ORDER

This action was commenced on July 22, 1997, against Dr. Flor de María Cacho-Bonilla

and Dr. Waldemar Pérez-Quintana (hereinafter the "criminal defendants") seeking to enjoin,

pursuant to 18 U.S.C. §1345, the transfer, withdrawal or dissipation of Community Service

Block Grants (CSBG) funds assigned to Acción Social de Puerto Rico, Inc. (ASPRI) (**docket

entry 1**).  Neither ASPRI nor its Board of Directors was named as a party to the complaint.

During an evidentiary hearing held before Magistrate Judge Delgado-Colón, the

Government was able to establish that the criminal defendants created a series of entities to

provide ASPRI with professional and related services, through which they embezzled funds from

ASPRI for their personal benefit.  See Report and Recommendation, **docket entry 25**, at pp.

11-17.  The government also established that the criminal defendants, who had been indicted

for violations of 18 U.S.C. §§666 (theft or bribery concerning programs receiving federal

funds), 1014 (bank fraud) and 1341 (mail fraud), had the exclusive control of ASPRI's bank



AO 72A
(Rev.8/82)

CIVIL 97-2133CCC                              2

accounts. See id. at p. 11.  Accordingly, on March 31, 1998, this Court issued a permanent

injunction, pursuant to 18 U.S.C. §1345(a)(1), enjoining the criminal defendants from

requesting, withdrawing, transferring, removing, dissipating or disposing of the CSBG funds

assigned to ASPRI and authorizing, pursuant to 18 U.S.C. §1345(a)(2)(A) & (B), the

accounting firm of Zayas Morazzani & Co. to act as judicial administrators and receivers of all

federal funds assigned to ASPRI.  See docket entries 29 & 33.  On August 18, 2000, the

criminal defendants were found guilty of defrauding the United States of federal funds in excess

of $5,000,000.  See United States v. Cacho-Bonilla, et. al. , Cr. No. 97-0145 (DRD) (D.P.R.

Aug. 18, 2000) (jury verdict).

        On August 28, 2000, the Government filed a Motion Requesting Amendment to

Permanent Injunction seeking to compel ASPRI's reorganization "under the direct supervision

of personnel from the Administration of Family and Children [AFAN]," to have "AFAN ...

direct all actions related to the appointment of a new Board of Directors, the Director and

Executive Director of ASPRI," and to have "the receivers ... administer the day to day

operations of ASPRI." **Docket entry 44**, at p.2.  ASPRI has opposed this request, further

arguing that the receivership should be terminated. **Docket entries 51 & 53**. We now rule

on the matter.

CIVIL 97-2133CCC                           3

A.      The Fraud Injunction Statute

          The injunction in this case was issued pursuant to the fraud injunction statute, 18

U.S.C. §1345, which authorizes the Court to issue injunctive relief to enjoin a person who is

committing or is about to commit bank, mail, wire or health care fraud, a banking law violation,

a health care offense, or is involved in a conspiracy to defraud the United States.    18

U.S.C. §1345(a)(1).  The government's remedies under §1345 are limited to those cases

where it can be shown, by a preponderance of the evidence, that the person sought to be

enjoined "is engaged or is about to engage in any act which constitutes or will constitute a

violation" of the statutes mentioned therein.  See U.S. v. Brown, 988 F.2d 658, 663 (6th

Cir. 1993).

          In this case, the government did show by a preponderance of the evidence that the

criminal defendants engaged in the prohibited activity.  However, by failing to file this injunctive

action against either ASPRI or its Board, it tacitly acknowledged that neither took part in such

conduct.   In addition, in moving for the amendment to the injunction the government is

basically arguing that its intended purpose is not to enjoin the commission of the statute's

predicate acts but, rather, as a precaution from what was characterized as a "negligent,

ineffective and inoperative" Board of Directors of ASPRI.  See docket entry 44, at p. 2, ¶5.

          The Court FINDS that the use of the **fraud injunction** is not appropriate in the present

circumstances.

CIVIL 97-2133CCC                            4

**B.**    <u>The Receivership</u>

For the reasons just stated, the Court also FINDS that the appointment of the receiver is no longer authorized by the fraud injunction statute. The statute authorizes the Court to enjoin the alienation or disposal of property obtained as a result of the aforementioned activity by the issuance of a restraining order and the appointment of a **temporary** receiver to administer the restraining order. 18 U.S.C. §1345(a)(2). The appointment of a **temporary** receiver is proper when the government can establish that "a person is alienating or disposing of property, or intends to alienate or dispose of property, obtained as a result of a banking law violation ... or a Federal health care offense or property which is traceable to such violation...." 18 U.S.C. §1345(2). The plain language of the statute limits the receiver's reach to the property obtained as a result of the violation or traceable thereto. See <u>U.S. v. Brown</u>, 988 F.2d at p. 664.

As mentioned above, in this case the government was able to establish that the funds held in the various corporations created by the criminal defendants were obtained through fraud, and were thus within the scope of the receiver authorized by the fraud injunction statute. However, the Government has failed to bromg forth any evidence to establish that the CSBG funds currently assigned to ASPRI are linked to the activity proscribed in the fraud injunction statute. The Court originally authorized the receivership to oversee the management of ASPRI's funds in order to prevent the criminal defendants, who had exclusive control of ASPRI's bank accounts, from continuing to engage in the proscribed activities. As the criminal defendants are

CIVIL 97-2133CCC                              5

no longer in control of ASPRI's bank accounts or operations, the reason for the appointment

of the receiver is no longer extant.    Thus, the Court FINDS that, under the present

circumstances, the fraud injunction statute does not authorize the appointment of a receiver to

administer the CSBG funds assigned to ASPRI.

C. Conclusion

Accordingly, the Motion Requesting Amendment to Permanent Injunction filed by the

United States (docket entry 44) is hereby DENIED.  Furthermore, the Permanent Injunction

issued on March 31, 1998 (docket entry 29), as amended on July 31, 1998 (**docket entry**

**33**) is hereby VACATED.    Therefore, the receiver is ordered to cease its functions

immediately, to turn over all the financial control of the corporation and all the records in its

possession to ASPRI's Board of Directors, and to vacate ASPRI's premises forthwith.

SO ORDERED.

At San Juan, Puerto Rico, on March 29, 2001.

s/cc:to ( 5 )
attys/pts
in ICMS

APR - 2 2001

CARMEN CONSUELO CEREZO
United States District Judge