IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA
Plaintiff

vs.                                          CIVIL 97-2133CCC

FLOR DE MARIA CACHO-BONILLA,
EXECUTIVE DIRECTOR OF ASPRI;
DR. WALDEMAR PEREZ-QUINTANA,
ASSOCIATED DIRECTOR OF ASPRI
Defendants

## OPINION AND ORDER

By order of March 30, 2001 (docket entry 57) the Court denied the Motion Requesting Amendment to Permanent Injunction filed by plaintiff United States (docket entry 44) in which it sought to compel the reorganization of Acción Social de Puerto Rico, Inc.,(ASPRI) under the "direct supervision of personnel from the Administration of Families and Children (AFAN)," to have AFAN "direct all actions related to the appointments of a new Board of Directors, the Director and Executive Director of ASPRI," and to have "the receivers . . . administer the day to day operations of ASPRI...." (Docket entry 44, at p. 2.) The Court found that the use of the fraud injunction statute, 18 U.S.C. §1345, was inappropriate under the circumstances alleged by plaintiff, which were "not to enjoin the commission of the statute's predicate acts but, rather, as a precaution from what was characterized as a 'negligent, ineffective and inoperative Board of Directors of ASPRI.'" Order of March 30, 2001, docket entry 57, at p. 3. It concluded that the fraud injunction statute did not authorize the appointment of a receiver to administer the Community Service Block Grants (CSBG) funds assigned to ASPRI since "the Government . . . failed to bring forth any evidence to establish that the CSBG funds currently assigned to ASPRI are linked to the activity proscribed in the fraud injunction statute." Id. at p. 4. The relief requested by ASPRI in its oppositions to the Motion Requesting Amendment to Permanent Injunction (docket entries 51 and 53) was granted, the permanent injunction was



CIVIL 97-2133CCC                              2

vacated and the receivership established pursuant to the Orders of March 31, 1998 and July 31, 1998 was terminated (docket entries 29 and 33). The United States did not appeal the Court's findings.

On June 29, 2001, ASPRI filed a Request for Costs, Fees, and Expenses Pursuant to the Equal Access to Justice Act (**docket entry 58**) seeking to recover the attorneys' fees and expenses it incurred in defending itself from plaintiff's motion. The United States filed an opposition (**docket entry 59**), to which ASPRI replied (**docket entry 63**). The Court now rules on the matter.

A.   The Equal Access to Justice Act

The purpose of the Equal Access to Justice Act (EAJA) is to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions. Commissioner, I.N.S. v. Jean, 496 U.S. 154, 163 (1990). It directs a court to award costs, fees and other expenses to a private party that prevails in litigation against the United States unless the court finds that the United States' position was "substantially justified." 28 U.S.C. §2412(d)(1)(A); Commissioner, I.N.S., 496 U.S. at 155; Dantran, Inc. v. U.S. Dept. of Labor, 246 F.3d 36, 40 (1st Cir. 2001).

In order to be eligible for a fee award under the EAJA, ASPRI must establish (1) that it is the prevailing party; (2) that the government's position was not substantially justified; and (3) that no special circumstances make an award unjust. Furthermore, the fee application must be submitted to the Court, supported by an itemized statement, within 30 days of the final judgment. Commissioner, I.N.S., 496 U.S. at 158; U.S. v. One Rural Lot, 770 F. Supp. 66, 68 (D.P.R. 1991). After considering these requirements, we find that ASPRI is eligible for a fee award.

1. ASPRI is a prevailing party within the EAJA's definition.

In determining whether ASPRI is a prevailing party, this Court evaluates the degree of success obtained in the litigation. Commissioner, I.N.S., 496 U.S. at 160. A party will be considered a prevailing party where it has "succeeded on any significant issue in litigation which

CIVIL 97-2133CCC                                                    3

achieved some of the benefit the parties sought in bringing suit." McDonald v. Secretary of Health and Human Services, 884 F.2d 1468, 1474 (1st Cir. 1989). We find that ASPRI is a prevailing party within this definition.

First, ASPRI successfully opposed the United States' attempt to compel its reorganization by means of an "amendment" to the fraud injunction issued against the criminal defendants in this case. Second, ASPRI successfully argued for the termination of the receivership imposed through the fraud injunction.

2. **The government's position in its litigation against ASPRI was not substantially justified, either legally or factually.**

In order to avoid liability under the EAJA, the government must prove, by a preponderance of the evidence, that its position was substantially justified. Dantran, 246 F.3d at 41.

The Supreme Court has held that to be substantially justified, the government's position must be justified to a degree that could satisfy a reasonable person. In other words, the government must show that its position had a reasonable basis both in law and fact. Commissioner, I.N.S., 496 U.S. at 158 n.6; Dantran, 246 F.3d at 40-41. The government must show (1) that it had a reasonable basis for the facts alleged, (2) that it had a reasonable basis in law for the theories advanced, and (3) that the facts supported its theory. See United States v. Yoffe, 775 F.2d 447, 450 (1st Cir. 1985).

The government contends that since it was justified in commencing these proceedings against Flor de María Cacho and Waldemar Pérez (hereinafter the "criminal defendants"), it is, therefore, justified throughout all of its subsequent actions in this case. However, the Court must not only examine the government's position at the commencement of the case, but also its position throughout the litigation. Commissioner, I.N.S., 496 U.S. at 159; Dantran, 246 F.3d at 41.

CIVIL 97-2133CCC                4

Although the government's position in originating this action against the individual criminal defendants was justified, it was clearly not justified, legally or factually, in seeking to compel ASPRI's reorganization through an "amendment" to an injunction issued in a proceeding to which it was never a party.

The fraud injunction statute, on its face, does not grant the Court the authority to do that which the government requested–to compel ASPRI's reorganization. Since the fraud injunction statute does not authorize the reorganization of a private corporation, the government's position in seeking such remedy was not substantially justified.

The government provided no evidence to support relief against ASPRI under the fraud injunction statute. From the plain language of the statute, it is evident that the government's remedies under §1345 are limited to those situations where it can show, by a preponderance of the evidence, that the person sought to be enjoined "is engaged or is about to engage in any act which constitutes or will constitute a violation" of the statutes mentioned in the statute. See United States v. Brown, 988 F.2d 658, 663 (6th Cir. 1993), United States v. Jones, 652 F. Supp. 1559, 1560 (S.D.N.Y. 1986).

As an initial showing, the government had to establish that ASPRI or its Board had committed or was about to commit any of the predicate acts outlined in the statute. In other words, the government had to establish that the fraud injunction statute authorized the Court to enjoin the conduct being charged. The government did not allege, much less prove, that ASPRI or its Board had committed or was about to commit the predicate acts. To the contrary, the government specifically alleged that neither ASPRI's Board of Directors nor its Interim Director participated in the illegal activities conducted by the individuals indicted as criminal defendants (see United States' Opposition to Request for Clarification of Order and Further Extension of Time, docket entry 50, at p. 6), and that not a single allegation had been raised against ASPRI. Id., at p. 5. See also United States' Motion for Temporary Restraining Order and Preliminary Injunction, docket entry 2 at p. 6. Given the government's admission that its purpose was not to enjoin the commission of the statute's predicate acts but rather, as a precaution from what it

CIVIL 97-2133CCC                                    5

construed as a "lack of diligence, leadership and decision making power in all the matters affecting ASPRI," (docket entry 50, at p. 6), its position was not legally substantially justified. It is clear from the plain language of the statute that a fraud injunction is not intended to issue upon these circumstances. See also Order of March 30, 2001, docket entry 57, p. 3.

Furthermore, we find that the government was not justified in seeking to extend the receiver's control over the new CSBG funds assigned to ASPRI which could not be connected to fraudulent or illegal conduct. The fraud injunction statute provides for the appointment of a <u>temporary</u> receiver when the government can establish that:

> a person is alienating or disposing of property, or intends to dispose of property, obtained as a result of a banking law violation . . . or a Federal health care offense or property which is traceable to such violation....

18 U.S.C. §1345(2). Even if we were to ignore the government's acknowledgment that neither ASPRI's Board nor its Interim Director participated in the criminal defendants' fraud and that no allegation or evidence of any such violations has been presented, the plain language of the statute limits the receivers' reach to the property obtained as a result of the violation or traceable thereto. See <u>U.S. v. DBB, Inc.</u>, 180 F.3d 1277, 1280-1281 (11th Cir. 1999); <u>United States v. Brown</u>, 988 F.2d 658, 664 (6th Cir. 1993); <u>U.S. v. Fang</u>, 937 F. Supp. 1186, 1194 (D. Md. 1996) ("All courts which have addressed the issue suggest that any assets to be frozen must in some way be traceable to the allegedly illicit activity); <u>U.S. v. Quadro Corp.</u>, 916 F. Supp. 613, 619 (E.D. Tex. 1996) (the district court may only freeze assets which the government has proven to be related to the alleged fraud); <u>U.S. v. Barnes</u>, 912 F. Supp. 1187, 1198 (N.D. Iowa 1996).

Since the fraud injunction statute does not authorize the appointment of a receiver to administer the CSBG funds currently assigned to ASPRI, in the absence of evidence of imminent fraud, the government's position of extending the receivership was not substantially justified.

CIVIL 97-2133CCC                                    6

3. <u>ASPRI's request for attorneys' fees was timely</u>.

The government contends that ASPRI's request was untimely, alleging that it was filed more than thirty (30) days after the Order refusing to modify the fraud injunction and terminating the receivership became final. The Court finds otherwise.

Under the EAJA, a judgment is considered final when the time to appeal has expired. <u>See</u> <u>OMNI Packing, Inc. v. I.N.S.</u>, 940 F. Supp. 42, 44 (D.P.R. 1996). The term for the government to appeal from the Order expired sixty (60) days after it was entered into the docket. <u>See</u> 28 U.S.C. §1292(a)(1), Fed. R. App. P. 4(a)(1)(B), Fed. R. Civ. P. 79(a). Thus, although the Order was received and filed by the Clerk's Office on March 30, 2001, the time to appeal did not run until the Order was entered into the docket on April 4, 2001. The time to appeal, therefore, expired on June 3, 2001. Since ASPRI filed its request on June 29, 2001, within thirty (30) days after June 3, 2001, its request was timely.

B.    <u>Attorneys' Fees</u>

Under the EAJA, the Court may not grant attorneys' fees in excess of $125 per hour unless it determines, in the sound exercise of its discretion, that "an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. §2412(d)(2)(A). ASPRI requests that the statutory rate be adjusted to take into account the increase in cost-of-living. While adjustments for cost-of-living increases are within the Court's discretion, they are not subject to the "rare circumstances" analysis used for upward adjustments in hourly rates due to "special circumstances." <u>See</u> <u>Morin v. Secretary of Health and Human Serv.</u>, 835 F. Supp. 1431, 1436 (D.N.H. 1993) (quoting <u>Baker v. Bowen</u>, 839 F.2d 1075, 1084 (5th Cir. 1988)); <u>see also</u> <u>Pollgreen v. Morris</u>, 911 F.2d 527, 538 (11th Cir. 1990) (trial court's consideration of the increase in the cost of living found to be a permissible basis to raise the statutory fee). In allowing for an upward adjustment to account for an increase in the cost of living, the Court is guided by the instructions of the Court of Appeals for the First Circuit, which has found the cost-of-living

CIVIL 97-2133CCC                                       7

provision to be an integral tool in accomplishing the EAJA's purpose. Sierra Club v. Secretary of the Army, 820 F.2d 513, 523 (1st Cir. 1987) (quoting Spencer v. Nat'l Labor Relations Bd., 712 F.2d 539, 550 (D.C. Cir. 1983)).

In determining the proper measure for an increase in the cost of living, we join the majority of courts by using the date of enactment of the statutory cap as a base. Based on the relevant Consumer Price Index ("CPI") figures, the cost of living has risen 13.17% since March 1996, the date on which the current statutory cap became effective. See Morin, 835 F. Supp. at 1437 (collecting cases supporting the use of CIP figures as proper measure of cost-of-living increase).

Accordingly, the Court FINDS a total of 80 hours as a reasonable amount of time spent by ASPRI's attorneys in defending from the government's motion, GRANTS ASPRI attorneys' fees at the rate of $141.46 per hour to account for inflation, and AWARDS attorneys' fees in favor of ASPRI in the total amount of $11,316.80.

ASPRI further requested that its attorneys' fees be additionally adjusted as a sanction for the government's vexatious conduct during the proceedings against it. Although the Court does not condone the government's conduct throughout this phase of the proceedings—its failure to cooperate in the discovery allowed by the Court and its uncontested attempts to block the payments to ASPRI's attorneys (see docket entries 47, 49 & 50)—we do not find sufficient legal support for an additional upward adjustment. Therefore, the Court DENIES ASPRI's further request for an additional adjustment based on "special circumstances."

C.    ASPRI is entitled to costs and expenses.

As the prevailing party, the EAJA provides for the costs allowed under 28 U.S.C. §1920 to be taxed against the government. The EAJA also allows for the payment of the expenses incurred by the prevailing party and which were "necessary for the preparation of the party's case." 28 U.S.C. §2421(d)(2)(A); One Rural Lot, 770 F. Supp. at 71 (citing Jean v. Nelson, 863 F.2d 759, 776-778 (11th Cir. 1988), aff'd sub nom. Commissioner I.N.S. v. Jean, 496

CIVIL 97-2133CCC                                      8

U.S 154 (1990)). These include all expenses which are routinely billed to a client–such as telephone, reasonable travel, postage, and computerized research expenses–as long as they are incurred in connection with the case before the Court. Jean, 863 F.2d at 777-778.

As is evidenced by in ASPRI's Motion, it incurred in the following costs and expenses in connection with the government's Motion to Amend Permanent Injunction:

| Item | Amount Paid by ASPRI |
|---|---|
| Reproduction and Copies | $ 479.00 |
| Long Distance Telephone Charges | $ 51.73 |
| Fax Charges | $ 6.00 |
| Delivery Charges | $ 75.00 |
| Witness Fees | $ 150.00 |
| Transcripts obtained from the Court Reporter | $ 340.00 |
| Westlaw Research | $ 348.00 |
| Postage Charges | $ 3.20 |
| Service of Subpoenas | $ 105.00 |
| TOTAL | $ 1,557.93 |

After reviewing the documents provided in support of these expenses, the Court finds that they are reasonable and that they were incurred in connection with this case. In awarding these expenses, the Court is conscious that ASPRI was forced to incur in certain expenses which could have been avoided had the government complied with ASPRI's discovery requests.

CIVIL 97-2133CCC                                           9

D.  **Conclusion**.

For the reasons stated above, the Court GRANTS ASPRI's Request for Costs, Fees, and Expenses Pursuant to the Equal Access to Justice Act (**docket entry 58**), taxing attorneys' fees against the United States in the total amount of $11,316.80 and costs and expenses in the total amount of $1,557.93.

SO ORDERED.

At San Juan, Puerto Rico, on March 20, 2002.

CARMEN CONSUELO CEREZO
United States District Judge

s/cs:to ( 5 )
attys/pts
in ICMS

MAR 21 2002